UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMARR FOWLER,

                         Plaintiff,

v.                                              Case # 13-CV-6546-FPG

                                                   DECISION & ORDER

BRIAN FISCHER, et al,

                         Defendants.
_____

## INTRODUCTION

*Pro se* plaintiff Jamarr Fowler ("Plaintiff") brings this action under 42 U.S.C. § 1983 based on alleged violations of his constitutional rights while housed at Wende Correctional Facility, a prison administered by the New York State Department of Corrections and Community Supervision ("DOCCS"). In lieu of answering the Complaint, Defendants Adams, Edward Bly, Douglas Botsford, Steven Bullis, Karen Crowley, Patrick J. Farrell, Brian Fischer, Robert Kyle, M. Lira, New York State Department of Corrections and Community Supervision, Jeffrey J. Patterson, Albert Prack, David Rock, and Smith (collectively, "Defendants") filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] ECF No. 14. Because the arguments contained in Defendants' Motion are not ripe for consideration at this stage of the litigation, the Motion is denied without prejudice.

## DISCUSSION

Although a motion for summary judgment may be filed "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), summary judgment is generally not appropriate

---

[1] Also contained in Defendants' Motion for Summary Judgment is a motion to revoke Plaintiff's *in forma pauperis* ("IFP") status or "[o]rder Plaintiff to file a declaration describing his current financial and employment status to determine if IFP status remains appropriate." ECF No. 14-3, at 24. Defendants cite *Kwan v. Schlein*, 246 F.R.D. 447, 453 (S.D.N.Y. 2007) for the proposition that an indigent plaintiff's "IFP status may not be revoked unless Defendants demonstrate that Plaintiff is no longer indigent." *See* ECF No. 14-3, at 24 (internal quotations omitted). However, Defendants do not demonstrate that plaintiff is no longer indigent. *Id.* Defendants' motion to revoke Plaintiff's IFP status is therefore denied. *Kwan*, 246 F.R.D. at 453.

1

until after some discovery has occurred. *Nelson v. Deming*, No. 6:13-CV-06252 EAW, 2015 WL 6452386, at *5 (W.D.N.Y. Sept. 30, 2015). In *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), the Supreme Court explained that the purpose of summary judgment is to allow for the disposition of a case "after adequate time for discovery" has elapsed. *Id.* Indeed, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). In those rare cases where summary judgment is appropriate even though no discovery has occurred, it is evident from the face of the complaint that discovery would be futile. *See Nelson*, 2015 WL 6452386, at *5 (W.D.N.Y. Sept. 30, 2015) (addressing defendants' pre-discovery motion for summary judgment because "[t]he facts contained in the attachments to [p]laintiff's own complaint contradict his claim for deliberate medical indifference"); *Parra v. Wright*, No. 11-CV-6270 CJS, 2013 WL 6669235, at *7 (W.D.N.Y. Dec. 18, 2013) (denying the bulk of defendants' motion for summary judgment because no discovery had taken place, but addressing an argument regarding plaintiff's failure to exhaust administrative remedies because "the facts regarding [p]laintiff's efforts at exhaustion are not disputed, and it does not appear that any amount of discovery would change the outcome of that portion of the application").

Here, Defendants' Motion for Summary Judgment was filed in lieu of an answer[2] and prior to any discovery. ECF No. 14. Defendants do not attempt to show that discovery would be futile by either presenting uncontested facts, *Parra*, 2013 WL 6669235, at *7, or pointing out contradictions on the face of Plaintiff's Complaint, *Nelson*, 2015 WL 6452386, at *5. Rather, Defendants' Motion appears to be an attempt to nullify the well-pleaded factual allegations in

---

[2]   On August 25, 2014, Defendants were granted an extension of time until October 20, 2014 to respond to the Complaint. ECF No. 13. On that deadline, Defendants filed the instant Motion for Summary Judgment under Rule 56. ECF No. 14. Defendants have yet to answer the Complaint. Although Defendants appear to believe that a motion for summary judgment filed in lieu of an answer stays the deadline for filing a responsive pleading under Rule 12(a) of the Federal Rules of Civil Procedure, it is far from clear that it does so. Rule 12(a)(4) provides that "serving a motion *under this rule*" extends the deadline to serve a responsive pleading, but does not say anything about whether a motion under Rule 56 extends the deadline as well. Fed. R. Civ. P. 12(a)(4). Nevertheless, the Court will exercise its discretion and allow Defendants to file a responsive pleading within 21 days of this decision.

Plaintiff's Complaint after conducting one-sided discovery. This is therefore not one of "the rarest of cases" where summary judgment may be granted prior to discovery. *Hellstrom*, 201 F.3d at 97; *see also Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment.") (citing *Celotex*, 477 U.S. at 326) (quotations in original).

Because Defendants' Motion for Summary Judgment improperly seeks summary judgment prior to any discovery, it is denied without prejudice.[3] If Defendants wish to contest the sufficiency of Plaintiff's Complaint, they may file a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 14) is DENIED WITHOUT PREJUDICE. Defendants are directed to file a responsive pleading within 21 days of this decision.

IT IS SO ORDERED.

Dated: 2/10/16
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[3] It is important to note that while the Court has discretion to allow Defendants a second bite at the apple, it is under no obligation to do so. *Robinson v. Henschel*, No. 10 CIV. 6212 PGG, 2014 WL 1257287, at *9 (S.D.N.Y. Mar. 26, 2014) (denying defendants' successive motion for summary judgment on exhaustion grounds as "procedurally improper"); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004); *Essex Ins. Co. v. Foley*, 827 F. Supp. 2d 1326, 1329 (S.D. Ala. 2011) (noting that "no federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment" and emphasizing the importance of not allowing parties to "treat their initial summary judgment motions as a 'dry run' which they would have an opportunity to redo or supplement—at considerable additional cost to opposing parties and at a considerable drain to scarce judicial resources").

3