**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

JAMARR FOWLER,

Plaintiff,

v.

BRIAN FISCHER, et al.,
Defendants.



**DECISION & ORDER**
13-CV-6546-FPG-JWF

## Relevant Background

Pro se plaintiff Jamarr Fowler ("plaintiff" or "Fowler")
has filed a civil rights complaint pursuant to 42 U.S.C. § 1983
alleging claims of retaliation, excessive force and failure to
protect, failure to provide adequate medical care, and due
process violations. See Docket # 4. Currently before the Court
is plaintiff's motion for appointment of counsel and
miscellaneous relief (Docket # 27), and defendants Brian
Fischer, et al.'s (collectively "defendants") motion to sever
(Docket # 30). Defendants responded to plaintiff's motion on
July 6, 2016. See Docket # 29. Plaintiff responded to
defendants' motion on July 29, 2016. See Docket # 32. This
Decision and Order will resolve these pending motions.

1

## Discussion

Plaintiff's Motion to Conduct Depositions or Alternatively for Appointment of Counsel:   Plaintiff requests that (1) he be allowed to conduct depositions instead of interrogatories; (2) the costs of the depositions be waived or covered by the Court; (3) he be allowed to conduct the depositions over the telephone; and (4) if the above requests are not granted, the Court appoint him an attorney.   See Docket # 27.

The Federal Rules of Civil Procedure do not prohibit or limit a plaintiff's ability to depose parties based either on status as a prisoner or as a pro se litigant.   See Fed. R. Civ. P. 30.   So long as plaintiff provides proper notice to defendant and bears all of the costs related to the taking of a deposition, he need not seek leave of the Court to proceed.   See id.   However, "[t]he deposition by inmate litigants pose logistical issues, especially if these litigants are proceeding as poor persons." Nowlin v. Lusk, No. 11-cv-712, 2014 WL 298155, at *9 (W.D.N.Y. Jan. 28, 2014).   First, "prison order and security concerns raised by defendants weigh against plaintiff's request to conduct oral depositions."   Whiteside v. Thalheimer, No. 13-cv-408, 2015 WL 2376001, at *2 (S.D. Ohio May 18, 2015). Second, "[t]he costs of a deposition (the fees for swearing the oaths for testimony, the costs of recording testimony, and, if by remote means, the costs of setting up the recording) is

2

usually borne by the party taking the deposition, even when that party is proceeding pro se and granted in forma pauperis status." Nowlin, 2014 WL 298155, at *9; see Malik v. Lavalley, 994 F.2d 90, 90 (2d Cir. 1993) ("[F]ederal courts are not authorized to waive or pay witness fees on behalf of an in forma pauperis litigant."); Murray v. Palmer, No. 903-cv-1010, 2006 WL 2516485, at *4 (N.D.N.Y. Aug. 29, 2006) ("[A] litigant proceeding in forma pauperis does not have a right to a waiver of (1) the cost of a deposition stenographer, (2) the daily attendance fee and mileage allowance that must be presented to an opposing witness under Rule 45 of the Federal Rules of Civil Procedure, or (3) the copying cost of any deposition transcripts.").

Given these logistical and financial realities, many incarcerated pro se plaintiffs utilize other devices such as interrogatories, deposition by written questions, or requests for admissions to obtain needed discovery. See Kramer v. City of New Kensington, No. 13-606, 2016 WL 406284, at *2 (W.D. Pa. Feb. 3, 2016) ("In light of the expense of oral depositions and logistical difficulties presented to an inmate proceeding pro se, it is often preferable for pro se inmates to seek discovery through depositions by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure . . . ."); Woodward v. Mullah, No. 08-cv-463, 2010 WL 1848495, at *9 (W.D.N.Y. Feb. 22,

2010) (despite financial limitations, plaintiff "is not without means to investigate his case" by using document demands, interrogatories and deposition upon written questions); McConnell v. Pepp, No. 98 civ. 2604, 1991 WL 50965, at *1 (S.D.N.Y. Apr. 3, 1991) ("Considering that plaintiff is an incarcerated prisoner proceeding in forma pauperis, we believe that the service of interrogatories by plaintiff is a more practical means of discovery.").

Here, plaintiff argues that other discovery devices would not be as effective as depositions. See Docket # 27, at 1. While that may be true, plaintiff is not entitled to have the defendants or the court system subsidize the costs associated with any discovery vehicle, including depositions. For these reasons, plaintiff's motion to take depositions and subsidize the costs of those depositions (Docket # 27) is **denied.**

In the alternative, plaintiff seeks the appointment of counsel. Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second

4

Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, the Court finds that plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 civ. 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003) (finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, the Court concludes that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that
"should not be allocated arbitrarily." Cooper v. A. Sargenti
Co., 877 F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se
complaint is detailed in nature and adequately describes the
events that allegedly led to his injuries. The factual
circumstances surrounding plaintiff's claims do not appear to be
unusually complicated and the legal issues alleged are not so
complex as to make it impossible for plaintiff to proceed
without counsel. The case centers on three major issues, which
are somewhat related: (1) retaliation and false misbehavior
accusations arising out of such alleged retaliation; (2) failure
to provide reasonable accommodations for plaintiff's disability
by transferring him and refusing to transfer him back; and (3)
discontinuance of his seizure medication. Up to this point,
plaintiff has submitted a clear, well-drafted complaint, and has
drafted motion papers containing logical factual arguments in
support of his requests for relief. Moreover, plaintiff's case
is still in the discovery stage.

Accordingly, at this juncture at least, plaintiff appears
sufficiently knowledgeable and equipped to understand and handle
the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F.
Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of
counsel where "the case does not present novel or overly complex
legal issues, and there is no indication that [plaintiff] lacks

the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 civ. 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel . . . would increase the likelihood of a just determination"). Should he need to, plaintiff may consult with the Western District's pro se office attorneys for questions on process and procedure. Plaintiff's motion to appoint counsel is **denied**.

Defendants' Motion to Sever:[1] Defendants request that plaintiff's claims be severed, and that the claims arising out of Wende Correctional Facility ("Wende") be retained in the Western District of New York (the "Western District") while the claims arising out of Upstate Correctional Facility ("Upstate") be transferred to the Northern District of New York (the

---

[1] Judge Geraci referred the motion to sever to this Court. Although there is some disagreement as to whether motions to sever are dispositive or not dispositive, the motion to severe here is not dispositive. Resolution of this motion will not dispose of any of plaintiff's claims. Even if the motion were to be granted, plaintiff's claims would continue, albeit in two separate forums. See Romano v. Levitt, No. 15-cv-518A, 2017 WL 193502 (W.D.N.Y. Jan. 18, 2017).

"Northern District"). See Mem. of Law in Support of Mot. to Sever (Docket # 30-1), at 4. Defendants' moving papers, however, conflate severance and transfer and address only the legal standard for transfer. Because I find that severance is not appropriate, the Court may not transfer any claims to the Northern District.

Rule 21 of the Federal Rules of Civil Procedure provides that a court may "sever any claim against a party." Fed. R. Civ. P. 21. In deciding a motion for severance, courts consider:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

N. Jersey Media Grp. Inc. v. Fox News Network, LLC, 312 F.R.D. 111, 114 (S.D.N.Y. 2015) (quoting Oram v. SoulCycle LLC, 979 F. Supp. 2d 498, 502-03 (S.D.N.Y. 2013)). "Severance requires the presence of only one of these conditions," although courts "view severance as a procedural device to be employed only in exceptional circumstances." Oram, 979 F. Supp. 2d at 503 (quoting another source). "As the moving parties, Defendants 'bear[] the burden of demonstrating that severance is required to avoid prejudice or confusion and to promote the ends of

8

justice.'" Dickerson v. Novartis Corp., 315 F.R.D. 18, 24-25 (S.D.N.Y. 2016) (quoting N. Jersey Media, 312 F.R.D. at 114) (additional quotations omitted).      "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." New York v. Hendrickson Bros., 840 F.2d 1065, 1082 (2d Cir. 1988).

Here, the considerations described above militate against severing plaintiff's claims.   Despite defendants' assertions, plaintiff's claims are not easily partitioned into those which occurred in the Western District and those which occurred in the Northern District.   Plaintiff's "first claim" arises mostly out of events that transpired at Wende in the Western District: (1) plaintiff    filed    constitutionally-protected    grievances (Complaint,  Docket # 1 ("Compl."), at ¶ 24); (2) he was assaulted in retaliation for filing those grievances (Compl. ¶ 27); (3) defendants falsely accused him of misbehavior in connection with the assault (Compl. ¶ 28); and (4) he was subjected to a constitutionally infirm disciplinary process in connection with the charges (Compl. ¶ 32).   But plaintiff also challenges the appeal and rehearing of that disciplinary proceeding, which was handled in the Northern District by defendants located in the Northern District.   Compl. ¶¶ 36-41. While the rehearing was pending, plaintiff was transferred to Upstate in the Northern District.   Compl. ¶ 41.

Plaintiff's "second claim" arises out of plaintiff's transfer from Wende to Upstate. He challenges the decision to transfer him, as well as defendants' refusal to transfer him back to Wende. Compl. ¶¶ 63-70. Plaintiff says that defendants denied his request for transfer because his rehearing regarding the incidents at Wende was still pending. Compl. ¶ 60. Plaintiff's "third claim" results from a discontinuation of plaintiff's seizure medication while at Upstate. Compl. ¶ 74. Because it appears plaintiff was taking the medication while at Wende, medical records and testimony regarding his time at Wende would seem to be relevant for this claim as well.

The Court cannot easily divorce plaintiff's factual allegations arising out of the Northern District from those arising out of the Western District. To grant defendants' motion would be to contrive a meaningful and simple separation where there is none. This, in turn, would result in duplication of discovery and litigation of claims - the opposite of what severance is intended to achieve. See Steuben Foods, Inc. v. Oystar Grp., No. 10-CV-780S, 2013 WL 2105894, at *7 (W.D.N.Y. May 14, 2013) (motion to sever and transfer denied where grant of such motion would result in duplicative discovery and litigation of claims). Plaintiff's allegations are simply too intertwined to warrant severance.

10

For substantially the same reasons, transfer of this case
to the Northern District is not appropriate.  The transfer of a
case is controlled by 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the
> interest of justice, a district court may transfer any
> civil action to any other district or division where
> it might have been brought.

Although defense counsel does not refer to or cite to section
1404(a), he is clearly relying on the statute as the defendants'
Memorandum of Law (Docket # 30-1) relies on the seven factor
test that is utilized in the Second Circuit for the transfer of
a case for the convenience of the parties and witnesses.  See
D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006)
(applying the seven factors).  Moreover, "this section
authorizes the transfer only of an entire action and not of
individual claims."  Wyndham Associates v. Bintliff, 398 F.2d
614, 618 (2d Cir. 1968).  Accordingly, "[b]ecause § 1404
authorizes transfer only of the entire action and not of
individual claims, severance must be found appropriate before a
transfer may be considered."  Steuben Foods, 2013 WL 2105894, at
*7 (internal quotation marks omitted).  Having decided that
severance of claims is not appropriate, the Court may not
consider whether transfer of particular allegations pursuant to
section 1404(a) is warranted.

11

## Conclusion

For the foregoing reasons, plaintiff's motion for appointment of counsel and miscellaneous relief (Docket # 27) is **denied**, and defendants' motion for severance (Docket # 30) is **denied**.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:     March 30, 2017
           Rochester, New York

12