**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**



JAMARR FOWLER,
        Plaintiff,

v.

**ORDER**
13-CV-6546-FPG-JWF

BRIAN FISHER, et al.,
        Defendants.

## Preliminary Statement

Pro se plaintiff Jamarr Fowler ("plaintiff" or "Fowler") has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging claims of retaliation, excessive force and failure to protect, failure to provide adequate medical care, and due process violations. See Docket ## 1, 4. Currently pending before the Court is plaintiff's motion to compel.[1] Docket # 54.

## Discussion

Plaintiff seeks to compel, among other things, numerous documents related to previous use of force incidents involving

---

[1] The Court held a status conference on August 18, 2017, during which the plaintiff indicated that he intended to file a motion to compel responses to his request for documents. At that conference, the Court indicated that any such motion to compel would be due by September 18, 2017, and that defendants' responses would be due by October 2, 2017. See Docket # 48. The Court confirmed these dates in an Order dated August 18, 2017, and set oral argument for October 18, 2017. See Docket # 47. Due to counsel's scheduling conflict, the Court moved oral argument to October 30, 2017. See Docket # 29. When defendants filed a motion for extension of time to conduct discovery (Docket # 50), the Court issued another order setting that motion down for oral argument on October 30, 2017 as well. See Docket # 52. Having not received plaintiff's motion to compel by the September 18 due date and noting that plaintiff's address had changed, the Court's law clerk called plaintiff's counselor to inquire whether plaintiff's motion was forthcoming. Plaintiff indicated that he had mailed his motion on September 13, 2017. The Court received plaintiff's motion in the mail on October 2, 2017.

1

defendants and defendants' personnel records. See Docket # 21-29. Defendants responded in boilerplate fashion to many of plaintiff's document demands, stating that they are "irrelevant, overly broad not proportional to the needs of the case and not calculated to lead to the discovery of admissible evidence." Id. But defendants have not yet responded to plaintiff's motion to compel.

This Court has previously held that "[p]rior complaints made against the defendants, whether substantiated or not, are discoverable in § 1983 civil rights actions so long as the complaints are similar to the constitutional violations alleged in the Complaint or are relevant to the defendant's truth or veracity." Simcoe v. Gray, No. 10-cv-6531, 2012 WL 1044505, at *3 (W.D.N.Y. Mar. 28, 2012) (citing Chatman v. Felker, No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at *5-6 (E.D. Cal. Jan. 23, 2009); Session v. Rodriguez, No. 3:03CV0943 (AWT), 2008 WL 2338123, at *2 (D. Conn. June 4, 2008); Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y.1997); see Edwards v. Skelly, No. 07-cv-6343, 2012 WL 1029492, at *1 (W.D.N.Y. Mar. 26, 2012); Venable v. Morabito, No. 10-cv-6624, 2012 WL 4120397 (W.D.N.Y. Sept. 19, 2012).

It is "consistent with past practices in this Court" for defense counsel to "(1) speak to his clients to ascertain whether defendants have any personal recollection of a prior complaint or grievance that may be responsive, and (2) review the defendants'

2

personnel files to determine whether any information contained therein is responsive." Edwards, 2012 WL 1029492, at *1.

Because there are multiple defendants here, defense counsel should begin by conducting an electronic search of the federal court electronic case filing system (CM/ECF), to determine whether any defendants have been previously sued for allegations similar to the allegations asserted here by plaintiff. Defense counsel should also review the personnel files of defendants for responsive documents. Here, responsive documents would be those documents pertaining to previous allegations of retaliation, excessive force and failure to protect, failure to provide adequate medical care, and due process violations. The Court directs that defense counsel file an affidavit with the Court confirming that he has conducted a CM/ECF search and review of personnel files, and disclosing the results of those searches. If relevant information and/or documents are discovered but are withheld from disclosure, counsel shall submit such documents to the Court for *in camera* review. Defense counsel shall file his affidavit and produce any relevant documents by **October 27, 2017**. Once the Court has received these documents, it will decide whether additional investigation, such as defense counsel speaking to each defendant, is required.

For all other requests at issue in plaintiff's motion to compel but not related to defendants' personnel files or previous allegations against defendants, defendant's counsel shall set

3

forth plaintiff's requests and provide specific reasons, supported by case law, why the requested information cannot be produced. Defense counsel shall provide this response by **October 27, 2017**.

The oral argument scheduled for October 30, 2017 is rescheduled to **November 9, 2017 at 10:30 a.m.**.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   October 6, 2017
         Rochester, New York

4