

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

JAMARR FOWLER,
        Plaintiff,

v.

BRIAN FISHER, et al.,
        Defendants.

DECISION & ORDER
13-CV-6546-FPG-JWF

## Preliminary Statement

Pro se plaintiff Jamarr Fowler ("plaintiff" or "Fowler") brought this action under 42 U.S.C. § 1983 for alleged retaliation, excessive force and failure to protect, failure to provide adequate medical care and due process violations while he was housed at Wende Correctional Facility. See Docket ## 1, 4. Currently before the Court is plaintiff's motion for sanctions (Docket # 43), defendants' motion for extension of time to complete discovery (Docket # 50), plaintiff's motion to compel (Docket # 54) and plaintiff's motion for default judgment (Docket # 58). The Court heard oral argument on November 9, 2017. This Decision & Order confirms the findings I made on the record with respect to each of these motions.

## Discussion

Plaintiff's Motion for Sanctions (Docket # 43): Plaintiff filed a motion for sanctions on July 31, 2017, for defendants'

1

failure to provide plaintiff with responses to plaintiff's request for production of documents. Mr. Deutsch acknowledged that his failure to provide plaintiff with the responses was an oversight, and he corrected the issue by filing responses on August 2, 2017. At a conference on August 18, 2017, I noted on the record that I would not dismiss the case or grant default judgment for defendants' failure to respond. Plaintiff's motion for sanctions (Docket # 43) is therefore **denied**.

Plaintiff's Motion to Compel (Docket # 54): Fowler complied with the Court's invitation to file a motion to compel on October 2, 2017 regarding what he saw as substantive deficiencies in defendants' responses to Fowler's requests for production. On June 13, 2016, plaintiff served 26 demands for production of documents. Defendants responded on May 3, 2017, but failed to amend their responses pursuant to this Court's order until August 2, 2017 (see Docket # 42).[1] Fowler now argues that some of those amended responses are inadequate.

It is true that many of plaintiff's requests are overbroad. However, plaintiff's <u>relevant</u> requests can be grouped into several categories. I address each of those categories separately below.

**1. Plaintiff's own inmate records, misbehavior reports written against him, papers from disciplinary appeals, and emails**

---

[1] Plaintiff's requests and the defendants' responses are set forth in Docket # 42.

2

**about plaintiff (Requests 1, 2, 11, 14)**: For the reasons set forth on the record, plaintiff's motion to compel responses to Requests 1, 2, 11, and 14 is granted to the extent plaintiff seeks records that pertain to his impairment or requests for reasonable accommodation of that impairment.

**2. Discovery regarding prior complaints against defendants and defendants' personnel records (Requests 3, 4, 5, 6, 7, 8, 9, 10, 15, 18, 19, 21)**: In an October 6, 2017 Order, the Court ordered that defendants turn over material regarding defendants' personnel records and past complaints against the defendants to Fowler by October 27, 2017. Defendants filed a declaration dated October 24, 2017 that failed to address the Court's order to turn over this personnel and case material.

On November 7, 2017, after plaintiff filed his motion for default judgment (Docket # 58), the defendants filed a late response to the Court's order to produce the above-referenced personnel information. In it, defendants' counsel Hillel Deutsch affirmed that, as directed, he performed a search of defendant correction officers' personnel files and located no documents except those attached for the Court's in camera inspection. No documents were attached, but the Court received paper copies of the documents for in camera inspection at the oral argument on November 9, 2017.

3

Upon reviewing those documents in camera, the Court concludes that the following documents should be disclosed to plaintiff: (1) the May 29, 2012 letter from Dr. Vonda Johnson to Dr. Richard Adams, (2) the May 31, 2012 letter from Dr. Richard Adams to his personnel file and (3) the December 15, 2015 letter from Dr. Vonda Johnson to Dr. Richard Adams. These documents appear to be disciplinary records for defendant Dr. Richard Adams for allegations similar to those asserted here by Fowler, i.e. failure to provide adequate medical care. The other documents attached to Mr. Deutsch's declaration do not pertain to allegations similar to those at issue here. Therefore, defendants shall redact the inmate names and numbers from these three documents attached to Mr. Deutsch's declaration dated November 7, 2017 (Docket # 59), and then disclose the redacted documents to plaintiff.

Mr. Deutsch also affirmed that, as directed, he performed a review of the federal court electronic filing system (PACER) to determine if defendants had been previously sued. He noted the number of times each defendant had been sued in his/her individual capacity. As stated on the record, defendants must provide plaintiff with the names and caption numbers of all cases filed in the five years before the filing of plaintiff's case in which defendants had been sued for allegations similar to the allegations asserted here by plaintiff. Defendants appear to have complied with the Court's order in their November 30, 2017 filing by setting

4

forth the caption numbers of cases filed in the past five years against defendants in their individual capacities. See Decl. of Hillel Deutsch, Nov. 30, 2017, Docket # 63.

**3. Tapes of the disciplinary hearing (Request 12):** Mr. Deutsch represented in his declaration and at oral argument that these tapes no longer exist, and they therefore, cannot be produced.

**4. Medical records (Request 13):** Defendants represented, and the Court concludes that defendants have provided records responsive to Request 13 to plaintiff. Defendants provided additional medical records pertaining to medical accommodations in their November 30, 2017 filing. See Docket # 64.

**5. DOCCS directives (Request 16, 22):** Defendants represented, and the Court concludes that defendants have provided to plaintiff relevant records responsive to Requests 16 and 22.

**6. Use of force/injury reports (Request 23, 24):** Mr. Deutsch represented that he has been working with the correctional facility in Connecticut to arrange for a "controlled view" of documents responsive to Requests 23 and 24. During the controlled view, plaintiff will be able to review the unredacted documents responsive to these requests and may request copies of any document he views.

7. **Documents showing how long defendant Patterson was out of work (Request 25):** As discussed at oral argument, plaintiff may ask this question in his written deposition questions.

8. **Signed statements made to the state police by Kyle, Farrell, and Patterson (Request 26):** Mr. Deutsch represented that he would check with his clients to determine whether any documents responsive to this request are in their possession. Defendants shall produce any documents responsive to Request 26 to the extent they exist.

Plaintiff's Motion for Default Judgment (Docket # 58): On November 6, 2017, Fowler filed a motion for default judgment for defendants' failure to comply with the Court's order to turn over personnel-related files by the October 27, 2017 deadline. The Court acknowledges that Mr. Deutsch's failure to timely comply with the Court's order is frustrating, but it does not call for dismissal of this action. Plaintiff's motion for default judgment is therefore **denied without prejudice.**

Defendants' Motion for Extension of Time (Docket # 50): On August 23, 2017, defendants filed a motion for extension of time to complete discovery. Both parties need additional time to conduct discovery. Therefore, defendants' motion for extension of time (Docket # 50) is **granted** to conduct only the discovery set forth below.

## Conclusion & Scheduling Order

For the reasons set forth above, plaintiff's motion for sanctions (Docket # 43) is **denied**; defendants' motion to extend discovery (Docket # 50) is **granted** to conduct only the discovery set forth below; plaintiff's motion to compel (Docket # 58) is **granted** as set forth above and **denied** in all other respects; and plaintiff's motion for default judgment (Docket # 58) is **denied without prejudice**.

Fowler may serve no more than twenty-five (25) written deposition questions to each of the ten (10) individual defendants. Plaintiff shall serve his deposition questions on defendants by January 12, 2018. Each individual defendant must respond to each deposition question under oath. Defendants must file and serve their responses to plaintiff's deposition questions by February 12, 2018. Discovery must be completed by February 12, 2018.

Defendants' deposition of Fowler shall take place on November 29, 2017, as scheduled.[2] See Docket # 62.

Consistent with this Order, by December 13, 2017, defendants shall, in one single filing:[3]

1. Produce records responsive to Requests 1, 2, 11, and 14 to the extent those documents pertain to Fowler's impairment

---

[2] This deposition was originally scheduled for November 13, 2017, and had to be rescheduled after defendants were unable to arrange for a court reporter.
[3] The Court recognizes that defendants have produced some of these documents in previous filings and responses. However, for the sake of clarity, these documents shall be provided in one comprehensive filing.

7

or requests for reasonable accommodation of that impairment;

2. Disclose redacted copies of the three documents specified above included in Exhibit A to Mr. Deutsch's declaration dated November 7, 2017 (Docket # 59);

3. Provide plaintiff with the names and caption numbers of all cases filed in the five years before the filing of plaintiff's case in which defendants had been sued for allegations similar to the allegations asserted here by plaintiff;

4. Produce any documents responsive to Request 26 to the extent they exist.

Also by December 13, 2017, defendants shall a controlled view for Fowler to view and take unredacted copies of documents responsive to Requests 23 and 24.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: December 1, 2017
Rochester, New York