UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMARR FOWLER,

                              Plaintiff,

                                                                                 Case # 13-CV-6546-FPG

v.

                                                                                 DECISION AND ORDER

BRIAN FISCHER, et al.,

                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff Jamarr Fowler brought this action on October 7, 2013, seeking relief pursuant to 42 U.S.C. § 1983 for Defendants' alleged violation of his constitutional rights while he was incarcerated at Wende Correctional Facility. ECF No. 1.

On July 30, 2018, the Court granted Plaintiff's motion to stay a scheduling order pending his release, which Plaintiff anticipated would occur in the following two months. ECF Nos. 73, 76. The Court set a status conference for November 1, 2018, and ordered Plaintiff to inform the Court when he was released. ECF No. 76.

Plaintiff was released sometime in the fall of 2018 and failed to appear for the scheduled status conference and inform the Court of his release.

The day after the status conference—November 2, 2018—Defendants moved to dismiss Plaintiff's Complaint. ECF No. 78. After the Court ordered Plaintiff to show cause why the case should not be dismissed because of Plaintiff's failure to maintain an updated address with the Court, Marlon Geoffrey Kirton, Esq., appeared on Plaintiff's behalf on January 16, 2019, and filed a memorandum opposing Defendants' motion. ECF Nos. 82-86, 88-89. For the following reasons, Defendants' motion is DENIED.

**DISCUSSION**

Defendants move to dismiss this case because Plaintiff has purportedly violated three rules: Local Rule of Civil Procedure 5.2(d) and Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). The Court addresses each below.

**I.    Local Rule 5.2(d)**

Local Rule of Civil Procedure 5.2(d) states:

> A party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant. The Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in the dismissal of the case, with prejudice.

While Plaintiff was in violation of Local Rule 5.2(d) for over two months, he is now represented by counsel. ECF No. 86. Consequently, Plaintiff is no longer in violation of Local Rule 5.2(d) and Defendants' Motion pursuant to that rule is denied. *See Lightner v. Wenderlich*, 271 F. Supp. 3d 445, 452 (W.D.N.Y. 2017) (denying defendant's motion to dismiss where the plaintiff "adequately notified the Court of his change of address and [was] no longer in violation of Local Rule of Civil Procedure 5.2(d)").

**II.    Federal Rule of Civil Procedure 37(b)(2)(A)(v)**

Under Rule 37(b), a court may dismiss a case or impose other sanctions if a party does not obey an order to provide or permit discovery. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002).

Here, Plaintiff has neither violated a discovery order nor is he in violation of Rule 37(b). Defendants' basis for their motion under Rule 37(b) is only that Plaintiff did not attend a status conference. While the Court acknowledges that Plaintiff violated a Court order by failing to appear, doing so does not fall within the ambit of Rule 37(b). Even if it did, there is a heavy burden when

seeking dismissal under Rule 37(b) and Defendants would be unable to meet that burden. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 47, 50 (2d Cir. 2009). Consequently, Defendants' Motion under Rule 37(b) is denied.

### III. Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41(b) provides that a district court may "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Dismissal is "a harsh remedy to be utilized only in extreme situations." *Theilmann v. Rutland Hosp., Inc.*, 455 F2.d 853, 855 (2d Cir. 1972). In evaluating a motion to dismiss for failure to prosecute under Rule 41(b), a court must weigh five factors:

> (1) The duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 53 2, 535 (2d Cir. 1996). No single factor is dispositive, and a district court must weigh the record as a whole when considering dismissal under Rule 41(b). *United States ex. rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d. Cir. 2004).

None of the above factors weigh in favor of dismissing this case. Regarding the first, third, and fourth factors, Plaintiff's two-month failure to comply with the Court's order was not so lengthy or unreasonable as to justify dismissal, particularly since this case has been pending for six years. *See Jefferson v. Webber*, No. 17-1043-cv, 2019 WL 2505370, at *3 (2d Cir. June 18, 2019) (finding a forty-two-day delay by a pro se plaintiff insufficient to justify dismissal where the district court and a defendant contributed to the delay) (summary order). There is no evidence that Defendants were unduly prejudiced, and the delay was not of the "lengthy and inexcusable"

variety that would allow prejudice to be "presumed as a matter of law." *Drake*, 375 F.3d at 256. Regarding the fourth factor, the delay does not "rise to the level of causing an extreme effect on court congestion that would justify the subrogation of his right to be heard." *Jefferson*, 2019 WL 2505370 at *3 (citing *Lucas*, 84 F.3d at 535-36) (quotation marks omitted).

For the second factor, the Court has not provided the requisite warning to Plaintiff. *See Lucas*, 84 F.3d at 535 ("[N]otions of simple fairness suggest that a *pro se* litigant should receive an explanation before his or her suit is thrown out of court.").

Finally, given that each of the first four factors weigh against granting a dismissal, and Plaintiff's current, active engagement in the case, the Court finds that the most appropriate sanction in this case is no sanction at all. Defendants' Motion is therefore denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 78, is DENIED. The parties are further directed to file a joint letter with the Court updating it as to the status of this case by July 31, 2019.

IT IS SO ORDERED.

Dated: July 25, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court